# Exhibit A –
# Plaintiff's Complaint with Jury Demand, Appearance for Defendant Home Depot, Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses, Defendant's Reliance on Jury Demand, and Plaintiff's Answer to Defendant Home Depot, U.S.A. Inc.'s Request to Admit

| Approved, SCAO | Original - Court<br>1st copy - Defendant | CELESTE D. BELL<br>P-41453 | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN<br>7th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>22- -NO<br>22-116900 |
|---|---|---|

**Court address**
900 S. Saginaw St., Flint, MI 48502

**Court telephone no.**
(810) 424-4355

| Plaintiff's name(s), address(es), and telephone no(s).<br>SEAN DOYLE | v | Defendant's name(s), address(es), and telephone no(s).<br>HOME DEPOT USA, INC<br>c/o Resident Agent<br>CSC - Lawyers Incorporating Service Co.<br>601 Abbott Road<br>East Lansing, MI 48823 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198)
JOHNSON LAW, PLC
140 E. 2nd Street, Suite, 201, Flint, MI 48502
(810) 695-6100

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2-22-22 | Expiration date*<br>5-24-22 | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (6/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

| SUMMONS |
|---|
| Case No. 22-    -NO |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

CELESTE D. BELL

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                        Date

My commission expires: _____    Signature: _____
                        Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                       Attachments

_____ on _____
                              Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

SEAN DOYLE,

    Plaintiff,

v

HOME DEPOT U.S.A., INC.,

    Defendant.

22-116900

Case No. 22-    -NO
Judge:

CELESTE D. BELL
P-41453

_____/

THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198)
JOHNSON LAW, PLC
Attorneys for Plaintiff
140 E. 2nd Street, Ste. 201
Flint, Michigan 48502
(810) 695-6100
twaun@venjohnsonlaw.com
mfreifeld@venjohnsonlaw.com
_____/



A TRUE COPY
Genesee County Clerk

## COMPLAINT

NOW COMES Plaintiff, SEAN DOYLE, by and through his attorneys, JOHNSON LAW, PLC, makes his Complaint against Defendant HOME DEPOT U.S.A. INC. as follows:

1. Plaintiff Sean Doyle is a resident of Genesee County, Michigan.

2. Defendant Home Depot U.S.A., Inc., a Delaware company, does business in Genesee County, Michigan.

3. This incident occurred in Genesee County, Michigan.

4. The amount in controversy exceeds $25,000.00.

5. On August 28, 2020, Plaintiff Sean Doyle was an invitee shopping at Home Depot located at 1222 W. Hill Rd. in Flint, Genesee County, Michigan.

6. Plaintiff Sean Doyle wanted to purchase wooden planks.

7. Home Depot employees assisted Plaintiff by pulling out planks of wood at Plaintiff's request. Home Depot employees were also generally restocking/unloading planks in the aisle.

8. While Plaintiff Sean Doyle was standing in the aisle, waiting for Home Depot employees to pull out a plank of wood for his examination, a plank that was smaller than the rest, that had been incorrectly placed with larger planks, fell out of a stack and struck Plaintiff's foot.

9. As the owner and possessor of the Home Depot location, Defendant owed duties to its invitees, and especially to Plaintiff Sean Doyle, to use reasonable and due care in providing a safe shopping environment.

10. Defendant Home Depot negligently failed to exercise such reasonable and ordinary care that was required under the circumstances, and was negligent in one or more of the following ways:

    a. Failure to use ordinary care in inspecting its shelfs to ensure that products were placed in their correct locations;

    b. Failure to regularly and adequately inspect the shelves for potential hazards, including and especially planks of wood that did not comport in size with other planks of wood with which they were being stored/displayed;

    c. Failure to properly store/display the planks of wood in a safe and reasonable manner;

    d. Failure to warn invitees of the hazard posed by the planks of wood;

    e.    Failure to provide proper assistance to invitees to examine its displayed products;

    f.    Failing to regularly supervise, train, manage, or instruct its employees, agents, contractors and/or representatives in safe display shelving practices;

    g.    Negligent retention of employees;

    h.    Failure to barricade or block the planks of wood from falling from display stacks;

    i.    Failure to provide appropriate safety equipment to prevent Plaintiff's injuries;

    j.    Failure to limit the number of planks stored/displayed in a given area;

    k.    All other acts of negligence/gross negligence that may be determined during discovery.

11. As a proximate result of Defendant's negligence, Plaintiff Sean Doyle suffered injuries, including, but not limited to:

    a.    Comminuted intra-articular distal phalanx fracture of the great right toe, causing fracture blisters and requiring surgery;

    b.    Nail bed injury of the great right toe;

    c.    Crush injury to the great right toe;

    d.    Distal phalanx fracture of the second right toe;

    e.    Abnormal polyneuropathy with demyelination and axonal loss features of the right lower extremity;

    f.    Chronic pain of the feet and toes;

12. As a proximate result of his injuries, Plaintiff SEAN DOYLE suffered past, present, and future damages, including:

    a.    physical pain and suffering;

    b.    mental anguish;

    c.    fright and shock;

3

d. denial of social pleasure and enjoyments;

e. embarrassment, humiliation, or mortification;

f. past and future medical treatment expenses;

g. past and future wage loss and/or reduction in earning capacity;

h. interference with vocational and avocational pursuits;

i. permanent scarring, disfigurement and disability related to the above injury;

j. aggravation of pre-existing injuries; and

k. all other damages learned through the course of discovery.

**WHEREFORE**, Plaintiff Sean Doyle respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant Home Depot U.S.A., Inc. in an amount in excess of $25,000.00 and award costs, interest, and attorney fees so wrongfully incurred.

Respectfully submitted,

JOHNSON LAW, PLC

By: _____

THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198)
Attorneys for Plaintiffs
140 E. 2nd St., Ste. 201
Flint, Michigan 48502
(810) 695-6100

Dated: February 21, 2022

4

3-1-2022 20200924800 6020220301002793

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

SEAN DOYLE,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

Case No. 22- 116900 -NO
Judge: CELESTE D. F
P-41453

_____/

THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198)
JOHNSON LAW, PLC
Attorneys for Plaintiff
140 E. 2nd Street, Ste. 201
Flint, Michigan 48502
(810) 695-6100
twaun@venjohnsonlaw.com
mfreifeld@venjohnsonlaw.com



A TRUE CO[PY]
Genesee County C[lerk]

_____/

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, SEAN DOYLE, by and through his attorneys, JOHNSON LAW, PLC., demands a trial by jury pursuant to MCR 2.508(B).

    Respectfully submitted,

    JOHNSON LAW, PLC

By: _____
THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198
Attorneys for Plaintiffs
140 E. 2nd St., Ste. 201
Flint, Michigan 48502
(810) 695-6100

Dated: February 21, 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

SEAN DOYLE,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.

Case No. 22-116900-NO

Judge Celeste D. Bell
(P-41453)

**A TRUE COPY**
**Genesee County Clerk**

| THOMAS W. WAUN (P34224)<br>MICHAEL E. FREIFELD (P48198)<br>Attorneys for Plaintiff<br>140 E. 2nd Street, Ste. 201<br>Flint, MI 48502<br>(810) 695-6100<br>twaun@venjohnsonlaw.com<br>mfreifeld@vanjohnsonlaw.com | PLUNKETT COONEY<br>RIDLEY S. NIMMO, II (P54783)<br>Attorneys for Defendant<br>111 E. Court Street, Suite 1B<br>Flint, MI 48502<br>(810) 342-7010<br>(810) 232-3159 Fax<br>rnimmo@plunkettcooney.com |
|---|---|

## **APPEARANCE OF COUNSEL**

PLEASE TAKE NOTICE and enter my Appearance as counsel on behalf of Defendant, Home Depot U.S.A., Inc.

Date: 4/29/22

PLUNKETT COONEY

By: _/s/_
RIDLEY S. NIMMO, II (P54783)
Attorney for Defendant
111 E. Court Street, Suite 1B
Flint, MI 48502
(810) 342-7010
rnimmo@plunkettcooney.com

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on April 29, 2022.

By: ☐ Overnight Courier ☐ Facsimile   X  E-mailed
    ☐ Hand Delivered   ☐ U.S. Mail    ☐ Other
    ☐ Certified Mail   ☐ Scanned

Signature: _____
Christine Knotts

Open.12080.21640.28752732-1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

SEAN DOYLE,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.

Case No. 22-116900-NO

Judge Celeste D. Bell
(P-41453)



| THOMAS W. WAUN (P34224) | PLUNKETT COONEY |
|---|---|
| MICHAEL E. FREIFELD (P48198) | RIDLEY S. NIMMO, II (P54783) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 140 E. 2nd Street, Ste. 201 | 111 E. Court Street, Suite 1B |
| Flint, MI 48502 | Flint, MI 48502 |
| (810) 695-6100 | (810) 342-7010 |
| twaun@venjohnsonlaw.com | (810) 232-3159 Fax |
| mfreifeld@vanjohnsonlaw.com | rnimmo@plunkettcooney.com |

## DEFENDANT, HOME DEPOT, U.S.A., INC.'S, ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Home Depot U.S.A., Inc., by and through its attorneys, Plunkett Cooney, and for its Answer to Plaintiff's Complaint and Affirmative Defenses, states as follows:

1.    In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

2.    In response to this paragraph, this Defendant admits that it is incorporated in Delaware, and lawfully conducts business in the County of Genesee, State of Michigan.

3. In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations in the form and manner as pled and leaves Plaintiff to his strict proofs.

4. In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

5. In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

6. In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

7. In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

8. In response to this paragraph, this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

9. In response to this paragraph, this Defendant objects to these allegations as they set forth conclusions of law and/or statements of duty to which no response is required in accordance with the Michigan Court Rules and law. To the extent a response is required, this Defendant does not believe that the statements contained therein set forth

either completely and/or accurately the status of the law and, lastly, this Defendant affirmatively avers that any duty otherwise owing was complied with by this Defendant.

10. In response to this paragraph, including subparagraphs (a) through (k), this Defendant denies the allegations contained therein as said allegations are untrue.

11. In response to this paragraph, including subparagraphs (a) through (f), this Defendant denies the allegations contained therein as said allegations are untrue.

12. In response to this paragraph, including subparagraphs (a) through (k), this Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.

WHEREFORE, this Defendant respectfully requests this Honorable Court to enter a Judgment of No Cause for Action in its favor, with costs and attorney's fees so wrongfully sustained, and such other relief in its favor as this Court deems just and proper.

PLUNKETT COONEY

/s/ Ridley S. Nimmo, II
RIDLEY S. NIMMO, II (P54783)
Attorneys for Defendant
111 East Court Street, Suite 1B
Flint, MI 48502
(810) 342-7010
rnimmo@plunkettcooney.com

Date: 4/29/22

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Home Depot U.S.A., Inc., by and through its attorneys, Plunkett Cooney, and to set forth its Affirmative Defenses, states as follows:

1. Defendant relies upon the open and obvious doctrine.

2. Defendant relies upon lack of notice.

3. Defendant relies upon the lack of proximate causation between the actions and/or inactions alleged and Plaintiff's alleged damages.

4. Plaintiff may have been comparatively negligent and that comparative negligence may be the sole proximate cause and/or a proximate cause of Plaintiff's alleged damages.

5. Defendant relies upon all defenses available to them consistent with the Tort Reform Legislation of 1996 including, but not necessarily limited to, the limitation of damages set forth in MCL 600.2959.

6. Defendant relies upon the intervening and superseding causation as it relates to the acts and/or conduct of others, to include the Plaintiff.

7. Plaintiff's claims may be barred by waiver and/or estoppel, to the extent discovery reveals its applicability.

8. Defendant raises and preserves any objections regarding insufficiency of the process issued and/or service of process and the statute of limitations, to the extent discovery reveals its applicability.

9. Defendant relies upon Plaintiff's failure to mitigate damages, to the extent discovery reveals its applicability.

10. Defendant relies upon the collateral source rule, to the extent discovery reveals its applicability.

11. This Defendant reserves the right to name further affirmative defenses in accordance with the Michigan Court Rules as discovery makes them known and/or to withdraw affirmative defenses in accordance with the Michigan Court Rules if that becomes appropriate as discovery commences.

WHEREFORE, this Defendant respectfully requests this Honorable Court to enter a Judgment of No Cause for Action in its favor, with costs and attorney's fees so wrongfully sustained, and such other relief in its favor as this Court deems just and proper.

                                            PLUNKETT COONEY

By: _____
RIDLEY S. NIMMO, II (P54783)
Attorneys for Defendant
111 E. Court St., Suite 1B
Flint, MI 48502
(810) 342-7010
rnimmo@plunkettcooney.com

Date:  4/29/22

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on April 29, 2022.

By: ☐ Overnight Courier ☐ Facsimile  X  E-mailed
     ☐ Hand Delivered  ☐ U.S. Mail  ☐ Other
     ☐ Certified Mail  ☐ Scanned

Signature: _____
Christine Knotts

Open.12080.21640.28741849-1

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

| | |
|---|---|
| SEAN DOYLE, | Case No. 22-116900-NO |
| Plaintiff, | Judge Celeste D. Bell (P-41453) |
| vs. | |
| HOME DEPOT U.S.A., INC., | |
| Defendant. | |

**A TRUE COPY — Genesee County Clerk**

| | |
|---|---|
| THOMAS W. WAUN (P34224) | PLUNKETT COONEY |
| MICHAEL E. FREIFELD (P48198) | RIDLEY S. NIMMO, II (P54783) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 140 E. 2nd Street, Ste. 201 | 111 E. Court Street, Suite 1B |
| Flint, MI 48502 | Flint, MI 48502 |
| (810) 695-6100 | (810) 342-7010 |
| twaun@venjohnsonlaw.com | (810) 232-3159 Fax |
| mfreifeld@vanjohnsonlaw.com | rnimmo@plunkettcooney.com |

## DEFENDANT, HOME DEPOT, U.S.A., INC.'S RELIANCE ON JURY DEMAND

NOW COMES Defendant, HOME DEPOT, U.S.A., INC., by and through its attorneys, Plunkett Cooney, and hereby relies upon Plaintiff's previously filed jury demand relative to the above-entitled cause of action.

                                                     PLUNKETT COONEY

Date: 4/29/22                                        By: _____
                                                     RIDLEY S. NIMMO, II (P54783)
                                                     Attorney for Defendant
                                                     111 E. Court Street, Suite 1B
                                                     Flint, MI 48502
                                                     (810) 342-7010
                                                     rnimmo@plunkettcooney.com

1

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on April 29, 2022.

By: ☐ Overnight Courier ☐ Facsimile    X  E-mailed
    ☐ Hand Delivered   ☐ U.S. Mail     ☐ Other
    ☐ Certified Mail   ☐ Scanned

Signature: _____
Christine Knotts

Open.12080.21640.28755971-1

2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

SEAN DOYLE,

    Plaintiff,

v

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

Case No. 22-116900-NO
Judge: CELESTE D. BELL

THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198)
JOHNSON LAW, PLC
Attorneys for Plaintiff
140 E. 2nd Street, Ste. 201
Flint, Michigan 48502
(810) 695-6100
twaun@venjohnsonlaw.com
mfreifeld@venjohnsonlaw.com

RIDLEY S. NIMMO (P54783)
PLUNKETT COONEY
Attorneys for Defendant
111 E. Court Street, Ste. 1B
Flint, Michigan 48502
(810) 342-7010
rnimmo@plunkettcooney.com
_____/

### PLAINTIFF'S ANSWER TO DEFENDANT HOME DEPOT, U.S.A., INC.'S REQUEST TO ADMIT

    NOW COMES Plaintiff, SEAN DOYLE, by and through his attorneys, JOHNSON LAW, PLC, and for his answer to Defendant Home Depot, U.S.A.'s Inc.'s Request to Admit to Plaintiff, states as follows:

    **Request No. 1:** Admit that Plaintiff's alleged damages are less than $75,000.

**Answer: Denied.**



Respectfully submitted,

**JOHNSON LAW, PLC**

By: _____
THOMAS W. WAUN (P34224)
MICHAEL E. FREIFELD (P48198)
Attorneys for Plaintiff
140 E. 2nd Street, Suite 201
Flint, MI 48502
(810) 695-6100

Dated: June 22, 2022

## PROOF OF SERVICE

On the date shown below, I served a copy of Plaintiff's Answer to Defendant Home Depot, U.S.A.'s Inc.'s Request to Admit to Plaintiff upon the following defendants/attorneys of record, by Electronic Mail and First-Class Mail with postage prepaid thereon:

Ridley S. Nimmo
Plunkett Cooney
111 E. Court Street, Ste. 1B
Flint, Michigan 48502
rnimmo@plunkettcooney.com

This Proof of Service is true and accurate to the best of my information, knowledge, and belief.

Date: June 22, 2022                           _____
                                              Catherine A. Parillo

2